IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILLIAM A. BARNES, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:12-CV-83 (MTT) |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, *et. al*, | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Defendants John Roy Wade, Mark Butler, Georgia Department of Labor (Appeal Department), Georgia Department of Labor, Carmeuse Lime & Stone, Inc., and Equal Employment Opportunity Commission's Motions to Dismiss as well as the Plaintiff's Motion for Class Action Status. (Docs. 3, 5, 7, 8, 11, 14). The Plaintiff previously filed a Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*, and 42 U.S.C. § 1981 discrimination action against his former employer Carmeuse for failure to promote, retaliation, and hostile work environment. On April 4, 2012, Judge Hugh Lawson granted summary judgment in favor of Carmeuse. *Barnes v. Carmeuse Lime & Stone, Inc.*, 5:10-CV-408 (HL) (M.D. Ga.) (Doc. 47). Because the previous action was filed before the Plaintiff was terminated, Judge Lawson did not address claims arising out of his termination.

After the Plaintiff's termination, he filed a claim for unemployment compensation benefits with the Georgia Department of Labor. The GDOL determined that the Plaintiff was disqualified from receiving unemployment compensation benefits because he was terminated for insubordination. The Plaintiff appealed the decision to an Administrative

Hearing Officer ("AHO") who affirmed the GDOL's determination.  The Plaintiff then appealed the AHO's decision to the GDOL Board of Review, and the Board of Review adopted the AHO's decision.  Finally, the Plaintiff filed a Petition for Judicial Review in the Superior Court of Bibb County.  Judge S. Phillip Brown affirmed the decision of the AHO and Board of Review.  (Doc. 10-17).

Although this is the Plaintiff's third legal action, his Complaint is nearly incomprehensible and most likely is subject to dismissal on this ground alone.[1]  The Plaintiff filed a Title VII form complaint, but purports to bring claims for environmental whistleblower violations, malpractice against his counsel in the previous action,[2] defamation, and conspiracy against the GDOL.  The form complaint lists discrimination based on race and retaliation, but the Plaintiff's third EEOC charge only lists retaliation as the basis for his charge.[3]  To the best of the Court's ability, the Complaint is construed as a Title VII action on the basis of race and retaliation.  The Plaintiff seeks $999,999,999.99, a complete federal investigation into all prior cases filed by him, termination of certain Carmeuse employees, suspension or disbarment of his former

---

[1] To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain specific factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Federal Rules employ a notice pleading standard, which requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  A pleading containing mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Rather, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Id.* (citation omitted).

[2] The Plaintiff filed the previous action pro se, retained counsel who filed an amended complaint, and became pro se once again after counsel withdrew from the action.

[3] The Plaintiff did not attach a copy of his right-to-sue letter to the Complaint even though he attached the right-to-sue notice in his previous Title VII action.

counsel, unemployment and workers' compensation benefits, and the closure of the EEOC office in Atlanta, Georgia.

Initially, the Court **DENIES** the Plaintiff's two-sentence Motion for Class Action Status because it is premature and fails to comply with Fed. R. Civ. P. 23.

With regard to the merits of the Plaintiff's claims, Defendants Wade, Butler, Georgia Department of Labor (Appeal Department), Georgia Department of Labor, and EEOC primarily move to dismiss because they did not employ the Plaintiff, and thus he could not bring an employment discrimination against them.  Carmeuse moves to dismiss the Plaintiff's racial discrimination claim as administratively barred because it was not presented to the EEOC in his third charge.  Carmeuse seeks to dismiss the Plaintiff's retaliation claims based on collateral estoppel.  The Plaintiff only responded to the Motion to Dismiss filed by Butler, Georgia Department of Labor (Appeal Department), and Georgia Department of labor.

Title VII makes it unlawful for employers subject to the statute to discriminate or retaliate against an individual with regard to that individual's race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a); 42 U.S.C. § 2000e-3(a).  Here, Carmeuse employed the Plaintiff, and thus is the only party the Plaintiff can bring Title VII claims against.  Accordingly, the Title VII claims against the remaining Defendants must be dismissed.

The Complaint purports to bring racial discrimination and retaliation claims against Carmeuse.  The Plaintiff only checked the box for retaliation on his third EEOC charge and he did not mention race in the space for describing the allegedly discriminatory conduct.  (Doc. 10-15, at 2).  A Title VII complaint must be "reasonably

related" to the allegations in the EEOC charge. *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989). Here, the Plaintiff's third EEOC charge does not make any reference to race, and thus his racial discrimination claim against Carmeuse is dismissed as administratively barred.

With regard to the Plaintiff's retaliation claim against Carmeuse, Carmeuse argues "[t]he plaintiff previously litigated the reasons for his discharge in his action seeking unemployment compensation benefits before the Georgia DOL and the Superior Court of Bibb County, Georgia." (Doc. 9, at 11). Carmeuse urges the Court to give preclusive effect to these administrative and state court judgments. "[Courts] give preclusive effect to the judgment of a state court provided that two conditions are met: first, that the courts of the state from which the judgment emerged would do so themselves; and second, that the litigants had a full and fair opportunity to litigate their claims and the prior state proceedings otherwise satisfied the applicable requirements of due process." *Shields v. Bellsouth Advertising and Pub. Co., Inc.*, 228 F.3d 1284, 1288 (11th Cir. 2000) (internal quotation marks and citations omitted). After certifying the first condition to the Georgia Supreme Court, the Eleventh Circuit in *Shields* concluded that a superior court's finding in an unemployment compensation appeal collaterally estops the employee from establishing in a subsequent wrongful termination action that he was terminated because of his protected status. *Shields v. Bellsouth Advertising and Pub. Co., Inc.*, 254 F.3d 986 (11th Cir. 2001). With regard to the second condition, the Plaintiff clearly had a full and fair opportunity to litigate his claims, as he appealed his administrative decision to an AHO, the GDOL Board of Review, and

the Superior Court of Bibb County.  Therefore, the Plaintiff's retaliation claim against Carmeuse is subject to collateral estoppel.

To the extent the Complaint can be read as anything other than a Title VII action, the Court declines to exercise supplemental jurisdiction over these claims.  See 28 U.S.C. § 1367(c)(3) (district courts may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it had original jurisdiction).

In sum, the Motions to Dismiss are **GRANTED**.  The Plaintiff's Title VII claims are **DISMISSED with prejudice**.  Any other claims are **DISMISSED without prejudice**.

The Court also notes that the remaining Defendants (Mays & Kerr LLC, Liberty Mutual Insurance Company, Kathy Wiley, Brian Ball, Dawn Haden Seller, Andy Blake, John Mays, Jeff Kerr, John R. Jarvis, and Chris Bowling) have not been served within 120 days pursuant to Fed. R. Civ. P. 4(m).  None of these unserved Defendants are parties to the Plaintiff's Title VII claim, which is the only claim that can be gleaned from the Complaint.  Even if the Plaintiff could assert additional claims against these Defendants, the Court has dismissed the Title VII claim over which it had original jurisdiction.  Accordingly, the claims against these unserved Defendants are **DISMISSED without prejudice**.

**SO ORDERED**, this 16th day of August, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT